Per Curiam.

The action is in replevin for 215 beaver skins. Plaintiff, hereinafter called the “seller”, sold the skins to defendant Paraskevas, hereinafter called the “bnver”. The court found that the sale was induced by the buyer’s false representations as to his solvency. The buyer defaulted in the action and there is no question raised as to his liability. The buyer had directed that the seller deliver the skins to defendant Bronx Fur Dressers Corp., hereinafter called the ‘ ‘ dresser ’ ’, for finishing and dressing. The seller discovered the buyer’s fraud on the day following delivery and notified both the buyer and the dresser that it elected to rescind the sale. The dresser had not then begun to work on the skins. However, the buyer directed the dresser to finish the skins for the seller’s account. It is agreed that the reasonable value of this work was $1,290. The complaint alleges and the answer admits a tender by the buyer of this sum. The tender was refused, as was delivery, on the ground that the dresser had a lien on the goods in a greater sum for work done for the buyer on previous orders. The court found that this claim for a lien insofar as it exceeded the lien for $1,290 was invalid, but dismissed the complaint. Both sides have appealed.
The net effect of the determination is that the plaintiff would be entitled to the return of the skins by paying $1,290 and interest, and it is also liable for the costs of the action. Plaintiff agrees that it will have to pay the principal sum but objects to paying interest and the costs. The sole ground for this result is that the tender was not in accord with the Lien Law. The pleadings, however, present no such issue. The admission of the tender without qualification is an admission of a valid tender, and no question was raised as to it on the trial. If the additional lien is invalid plaintiff would be entitled to a judgment, and hence costs, and interest would stop as of the date of the tender.
We come now to the dresser’s appeal, which is based on the validity of its claim of an additional lien. It is undisputed that a lien for work done on goods other than those on which the lien is asserted must be based on a special contract between the owner and the artisan. The court below found that the buyer never became the owner of the goods and hence no contract made by him could effect a lien by contract. This is not accurate. A sale induced by fraud is voidable, not void. If title has passed, the buyer becomes tin1 owner, subject h> losing the title if the *438 sale is thereafter rescinded. Two questions were presented, namely, was a contract made such as the dresser claimed, and if so was it made in the period between sale and rescission. The evidence on both these points was extremely sketchy. Under the ruling of the court neither question was involved in the decision. Under the circumstances a final determination on the record would be unsatisfactory and we accordingly direct a new trial.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
Concur — Steuer, J. P., Aurelio and Tilzee, JJ.
Judgment reversed, etc.